IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **DEANGELO M. SPENCER,** )<br>)<br>) <br>**Plaintiff,**            )<br>v.                                          )<br>)<br>**FRITO-LAY, INC.**               )<br>)<br>    Serve:  Registered Agent  )<br>              CT Corporation System  )<br>              4701 Cox Rd.          )<br>              Ste 285                     )<br>              Glen Allen, VA 23060-6808 )<br>)<br>**Defendant.**           )<br>) | **CIVIL ACTION NO:**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, DeAngelo M. Spencer ("Spencer" or "Plaintiff"), by counsel, brings this action against Defendants Frito-Lay, Inc. ("Frito-Lay") for damages and alleges as follows:

## THE PARTIES

1. Plaintiff Spencer is a natural person, and at all times relevant hereto was, a citizen of the Commonwealth of Virginia, residing in the town of Chesapeake, Virginia.

2. Defendant Frito-Lay is a Delaware corporation conducting business in the Commonwealth of Virginia.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5.  Venue properly lies in this Court because the controversy involves Defendant's behavior at Plaintiff's place of employment, in the Eastern District of Virginia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Prior to instituting this suit, Spencer timely filed an administrative claim with the Norfolk Office of the Equal Employment Opportunity Commission (EEOC) on April 7, 2021. A true and correct copy of the Charge of Discrimination is attached to this complaint and incorporated by reference as Exhibit "A".

5. The EEOC failed to resolve the claim and issued a right-to-sue letter dated May 6, 2021. True and correct copies of the right-to-sue letter is attached to this complaint and incorporated by reference as Exhibits "B". Spencer received the right to sue letter on May 9, 2021. Plaintiff has filed his complaint within 90 days from the date he received her notices authorizing the right to bring this action.

## STATEMENT OF FACTS

6. Plaintiff Spencer is a black male.

7. Spencer began employment with Frito-Lay as a Merchandiser on or about April 15, 2016. Spencer later assumed the title of Customer Service Specialist -- in or about fall of 2017. This was a transition to new role within the company.

8. As a CSS, Spencer would regularly visit stores to address product advertising, set up and displays. As part of his duties, Spencer would also communicates with managers of each of the stores he visited.

9. Spencer's initial route as a CSS was located in Chesapeake, Virginia. This route was relatively near his home and was free of tolls and/or heavy traffic.

10. Spencer's immediate supervisor as Joe Janulewicz ("Janulewicz").

11.     On May 22, 2019, Janulewicz presented Spencer with a written reprimand concerning Spencer's alleged failure to properly remove stale and/or damaged store products on display, costing a clean-up charge of $272.

12.     On May 29, 2019, Janulewicz issued a second written warning to Spencer.  This time, Janulewicz alleged that Spencer had violated the Defendant's attendance policy by failing to timely call in a delayed start.

13.     Spencer brought it to Janulewicz's attention that a CSS white coworker of his, Daniel Carson was routinely late to work (almost every day). In addition, multiple store managers had complained about Carson's tardiness.  Moreover, a store manager had made numerous complaints about Carson's tardiness.  Still, Janulewicz did not reprimand Carson for similar activity that prompted Spencer's second write-up in a week.

14.     Spencer told Janulewicz that he felt he was being singled out and treated poorly because of his race.  Janulewicz told Spender that he was "lucky to have a job" and Janulewicz "can't allow [Spencer] to be complacent or lazy."

15.     Janulewicz continued to closely monitor and overly scrutinize Spencer – especially compared to Spencer's white coworkers.

16.     Janulewicz then suspended Spencer in early June 2020.  When Spencer asked why he was being suspended, Janulewicz told him it was Human Resources' decision.  When Spencer asked Janulewicz's supervisor, Mike Hart ("Hart") – Business Zone Leader, why he was being suspended, Hart said Janulewicz wanted Spencer off of the "easy route."

17.     Spencer brought it Janulewicz's attention that a CSS white coworker of his, Matt Willis ("Willis") had recently been responsible for $1400 worth of damaged store products but was not punished nearly in as severe a manor as Spence. Willis was also often late to work without

punishment.  Janulewicz did not give Willis a formal write-up but rather a more lenient "coaching."  Janulewicz did not care to hear this comparison.

18. Spencer further brought it Janulewicz's attention that another CSS white coworker of his, Joe Brown ("Brown"), was kicked-out of a store by a store manager (Walmart) for inappropriate behavior.  Shortly thereafter, Janulewicz promoted Brown on two consecutive occasions.   had recently been responsible for $1400 worth of damaged store products but was not punished nearly in as severe a manor as Spence.  Janulewicz did not give Willis a formal write-up but rather a more lenient "coaching."  Janulewicz did not care to hear this comparison

19. Nonetheless, Spencer was then removed from his route. Janulewicz then refused to give Spencer a route of his own and instead assigned Spencer to cover routes for individuals out on sick leave or needing additional assistance.

20. Eventually on February 18, 2021 Defendant terminated Spencer's employment.

## COUNT I
### Racial Discrimination in Violation of Title VII
(42 USC 2000e *et seq.*)

21. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

22. The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII.

23. The stated reasons for Defendant's conduct were not the true reasons, but instead were pretext to hide Defendant's discriminatory animus.

24. Defendant, through the actions of Janulewicz, discriminated against Plaintiff based on his race.

25. Unlike his white coworkers, Plaintiff routinely criticized and reprimanded for the same conduct that went unpunished by many of his white coworkers.

26. Defendant's manager's conduct was intentional and its violations of federal law were willful.

27. As a direct and proximate result of Defendant's violation of Title VII based on Plaintiff's race, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

28. Plaintiff is entitled to recover his reasonable attorney fees, costs and expert witness expenses pursuant to Title VII.

29. Due to the severity of Defendant's conduct, Plaintiff is also entitled to punitive damages.

## COUNT II
### Racial Discrimination in Violations of Section 1981
(42 U.S.C. § 1981)

30. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though set forth herein.

31. Defendant intentionally discriminated against Plaintiff, who is Black.

32. Defendant racially discriminated against Plaintiff in interfering with the wages, benefits, privileges, terms and conditions of the Plaintiff's employment relationship with Defendant.

33. Defendant racially discriminated against Plaintiff in that he was a member of a protected class, a adverse employment action occurred and similarly situated white coworkers of Plaintiff were treated differently.

34. As a result of the racial discrimination, Defendant deprived Plaintiff of constitutional and statutory rights motivated by racial considerations.

35.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer loss of income, damage to career, loss of career opportunity, inconvenience, loss of enjoyment of life, severe emotional distress, anxiety, humiliation, embarrassment, damage to reputation, violations of his statutory rights and other consequential damages.

36.     At all times material hereto, the Defendant's acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the federal and statutory and common law rights of Plaintiff.

## JURY DEMAND

**Plaintiff demands a jury trial.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DeAngelo M. Spencer, prays for entry of judgment in favor of Plaintiff and against Defendant Frito-Lay, Inc., in the form of the following relief:

a.     Back Pay;

b.     Front Pay;

c.     Compensatory Damages;

d.     Punitive Damages;

e.     Attorneys' fees and court costs associated with this suit; and

f.     Other such relief as may be appropriate to effectuate the purpose of justice.

Date: August 4, 2021                    Respectfully submitted,

                                        DEANGELO M. SPENCER

                                        __/s/__Todd M. Gaynor_____
                                        Todd M. Gaynor, Esquire
                                        Virginia Bar No.: 47742
                                        GAYNOR LAW CENTER, P.C.
                                        440 Monticello Avenue, Suite 1800
                                        Norfolk, Virginia 23510

        PH: (757) 828-3739
        FX: (75) 257-3674
        EM: tgaynor@gaynorlawcenter.com
        *Counsel for Plaintiff*